## Sarah Stephens v. I. N. Elkins, Executor.

1. PROVINCE OF JURY—*when instruction invades.* Where the evidence upon a particular issue is conflicting, an instruction which tells the jury to determine such issue in a particular way invades the province of the jury and is erroneous.

Action of assumpsit. Appeal from the Circuit Court of Johnson County; the Hon. WARREN W. DUNCAN, Judge, presiding. Heard in this court at the August term, 1905. Reversed and remanded. Opinion filed March 22, 1906.

W. S. MORRIS and O. R. MORGAN, for appellant.

W. A. SPANN, GEORGE B. GILLESPIE and L. O. WHITNEL, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Joshua Elkins, appellee's testate, was the grandfather of appellant. At the time of his death, which took place in October, 1900, and for some time prior thereto, he was a widower and resided upon a farm in Johnson county. In the spring of the year 1900, being advanced in years, feeble and in poor health, he desired appellant, who was then employed as a seamstress in St. Louis, Missouri, to live with and take care of him. In June of that year appellant, in compliance with the request of her grandfather, went to live with and care for him and from that time until his death, which took place some four months later, she remained with him. After his death she brought this suit to recover the sum of $1,000, which amount she claims her grandfather promised to pay her if she would stay with and care for him until his death.

Appellant obtained judgment in the Circuit Court for $109.72, but being dissatisfied with the amount recovered brings the case to this court for review.

On trial the court below gave the following instruction on behalf of appellee:

"The court instructs the jury that the plaintiff has failed to establish any contract or agreement upon the part of the deceased, Joshua Elkins, to pay her one thousand dollars or any specified sum for her services, and the jury would not be warranted in finding that the deceased agreed to pay one thousand dollars for such services."

The witnesses sworn on behalf of appellant testified to facts and circumstances tending to show an agreement on the part of Joshua Elkins that appellant should have $1,000 for her services if she would stay with him until he died.

The question whether appellant undertook to perform the services claimed to have been performed by her for her grandfather upon an agreement with him for the payment to her of $1,000 was, under the circumstances disclosed by the evidence in this case, a question of fact for the jury and it was for the jury, not the court, to determine what weight should be given to the testimony of the witnesses upon that subject.

The instruction referred to took this question from the jury and was therefore erroneous.

The judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*